Charles E. MOOSER et al., Appellants,

v.

URBAN RENEWAL & COMMUNITY DEVELOPMENT AGENCY OF LOUISVILLE et al., Appellees.

Court of Appeals of Kentucky.

March 29, 1968.

Charles B. Zirkle, William J. Francis, Zirkle, Raine & Francis, Louisville, for appellants Mooser.

Robert L. Tross, Hardy, Logan & Tross, Louisville, for appellees Finegan.

Robert W. Zollinger, George R. Ambro, Louisville, for appellee Urban Renewal & Community Development Agency of Louisville.

WILLIAMS, Chief Justice.

Urban Renewal & Community Development Agency of Louisville (hereinafter called Urban Renewal) purchased a building in Louisville from the appellants, Charles Mooser and wife, for $91,500, taking a general warranty deed. It developed that the appellees Thomas Finegan and wife, tenants of the building, had an unrecorded lease which they declined to give up. Urban Renewal brought this suit against the Finegans under KRS 99.420 to condemn the leasehold, joined the Moosers as defendants and asked that the Moosers be required to reimburse it in the amount ultimately awarded to the Finegans. No question is raised with respect to this procedure.

KRS 99.420 provides for the appointment of commissioners to fix the value of the property taken. A copy of their report and award is attached to the summons, and "exceptions to the report and award of the commissioners must be filed within the same period of time as required for appearance and defense of the complaint. * * * If exceptions are based on the ground that the award of the commissioners is too small or too great, the exceptions must be accompanied by an affidavit of the party excepting, his agent or attorney, stating the amount of the award and damages, if any, the party believes is just and reasonable." KRS 99.420(4), (6). If timely exceptions are filed, the question of value is submitted to a jury. KRS 99.420(7).

The commissioners reported an award of $7,550 for the leasehold. In due time Urban Renewal and the Moosers filed separate exceptions on the ground that the award was excessive, but the Mooser exceptions did not include an affidavit as required by KRS 99.420(6). The Moosers sought to remedy this omission by filing an affidavit, but the date of such filing was beyond the time in which the statute requires exceptions to be filed, so the trial court sustained a motion by the Finegans to strike the Mooser exceptions.

Before the Mooser exceptions were stricken it had been determined in a pretrial order that Urban Renewal was entitled to judgment against the Moosers for whatever amount was awarded to the Finegans and that Urban Renewal would not be required "to contest the issue of leasehold value as raised by the pleadings." Urban Renewal having paid the amount of the award into court, the Finegans took the position that the pretrial order in effect eliminated Urban Renewal from the case and thereby nullified its exceptions to the commissioners' award. Evidently the trial court agreed. Final judgment was entered without a trial on the issue of the value of the leasehold. It awarded the Finegans $7,550 and directed the Moosers to reimburse Urban Renewal in that amount.

This is an unusual case, and we are of the opinion that a hypertechnical approach has led to an unfair result. Assuming the solvency of the Moosers, it is they rather than Urban Renewal who were the real parties in interest as against the Finegans on the issue of the value of the leasehold. Since Urban Renewal was asking that the Moosers be required to pay the amount of the ultimate judgment, Urban Renewal's exceptions to the amount of the preliminary award could only have been for their use and benefit. These exceptions were never attacked, stricken or withdrawn. It is our conclusion that the Moosers were entitled to rely upon them and have the issue tried by a jury.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.